# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-923V**
**Filed: May 1, 2020**
UNPUBLISHED

|  |  |
|---|---|
| AMY MEHL,<br><br>                   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Special Master Horner<br><br><br>Interim Attorneys' Fees and<br>Costs Decision |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 30, 2020, petitioner moved for an award of interim attorneys' fees and costs in the amount of $94,316.13.  (ECF No. 57.)  In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs.  (ECF No. 58.)  However, respondent did note that "[i]f the special master determines that an interim award is appropriate, respondent is satisfied the other statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $92,734.13.

## I.    Procedural History

On July 10, 2017, petitioner filed this claim, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that as a result of her

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

September 12, 2016 Tdap vaccination she suffered rheumatoid arthritis.[2]  (Pet.)  On April 2, 2018, respondent filed his Rule 4(c) report, recommending against compensation.  (ECF No. 22.)

Subsequently, on December 7, 2018, petitioner filed an expert report from Dr. M. Eric Gershwin in support of her claim.  (ECF No. 32.)  Pursuant to Special Master Millman's order, petitioner provided respondent with a settlement demand on February 27, 2019.  (ECF No. 38.)

This case was reassigned to my docket on June 5, 2019.  (ECF No. 45.)  Respondent indicated that, after considering petitioner's demand, he would prefer to proceed with litigation.  (ECF No. 47.)  Thereafter, respondent filed a responsive expert report from Dr. Mehrdad Matloubian on August 5, 2019.  (ECF No. 48.)  Petitioner provided a supplemental expert report from Dr. Gershwin on August 28, 2019.  (ECF No. 50.)

A Rule 5 conference was held on September 17, 2019.  I raised specific points regarding the expert reports and noted that further follow up would be helpful.  (ECF No. 51.)  On November 13, 2019, petitioner filed an additional supplemental expert report from Dr. Gershwin addressing the questions raised during the Rule 5 conference.  (ECF No. 52.)  Respondent provided a supplemental expert report on February 18, 2020 in response.  (ECF No. 54.)  Thereafter, the parties requested an entitlement hearing for this case.  (ECF No. 55.)  This case was queued for the scheduling of an entitlement hearing on February 28, 2020.  (ECF No. 56.)

Petitioner filed the instant motion for interim attorneys' fees and costs on March 30, 2020, respondent filed his response on April 1, 2020, and petitioner filed no reply.  (ECF Nos. 57-58.)  Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In his response, respondent indicated that the statutory requirements were met in this case.  (ECF No. 58, p. 2.)  I agree.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Services*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the

---

[2] Petitioner also alleged in the alternative that her September 28, 2016 influenza vaccination caused her to develop rheumatoid arthritis.  (Pet.)

Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id.* In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

Here, petitioner's request for interim attorneys' fees and costs is made after more than two years of litigation within the entitlement phase of this case and after petitioner incurred costs for providing multiple expert reports to support her claim. Additionally, this case has been queued for the scheduling of an entitlement hearing and, despite my best efforts to schedule hearings, there will be significant delay before this case will be scheduled for a hearing due to the number of cases, especially older cases, currently awaiting hearing. Thus, the timing of the ultimate resolution of this case remains unknown. Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at his juncture.

### III.   Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

#### i.   Reasonable Hourly Rate

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). In *Avera*, the Federal Circuit found that in Vaccine Act cases, the special master should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees unless the bulk of the work is completed outside of the District of Columbia and there is a "very significant difference" between the forum hourly rate and

the local hourly rate.[3]  515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency,* 169 F.3d 755 (D.C. Cir. 1999)).  The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019 and 2020 can be accessed online.[4]

In this case, petitioner is seeking $69,703.10 in interim attorneys' fees for work performed in 2017 through 2020.  I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for 2017 through 2020 for attorney time, paralegal time, and law clerk time, are all reasonable and also in accord with prior awards made by other special masters.[5]

### ii.  Hours Reasonably Expended

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part¸* 988 F.2d 131 (Fed. Cir. 1993).  Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Additionally, time devoted to clerical and other secretarial work is not compensated in the Vaccine Program.  *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  Special masters can reduce a fee request *sua sponte*, without providing

---

[3] There have been conflicting decisions addressing whether attorneys practicing in Memphis, Tennessee, should be awarded attorneys' fees based on forum or local rates; however, I find the rationale set forth in *Henry v. Sec'y of Health & Human Services*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), most persuasive.  Accordingly, I conclude that petitioner's counsel should be awarded fees at forum rates.

[4] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, and 2020 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

[5] Attorney Michael G. McLaren appears to have inadvertently billed an hourly rate of $456 for less than three hours of work performed in 2018 when he has been previously and consistently awarded an hourly rate of $455 for 2018; however, given the number of hours actually billed by Mr. McLaren, this one dollar difference is *de minimis* and no reduction is made.  Additionally, although petitioner requested an hourly rate for attorney William E. Cochran, Jr. for 2020, no time was actually billed by Mr. Cochran for work performed in 2020, and therefore, I do not reach the issue of whether his requested rate is reasonable.

petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

After reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for receiving and reviewing the same orders and medical records.  Since Mr. Webb was the lead attorney in this case, handling the majority work, for duplicative and excessive entries only hours billed by Mr. Webb are awarded.  These duplicative billing entries result in a reduction of **$1,582.00** of the interim fee award.[6]

### b.  Interim Attorneys' Costs

Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").

In this case, petitioner seeks $24,613.03 in interim attorneys' costs, including expenses incurred in obtaining medical records, traveling to meet with petitioner, and retaining Dr. Gershwin.  I have reviewed the expense records and supporting documentation submitted with petitioner's request, and I find that the requested interim attorneys' costs are all reasonable.

## IV.  Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $92,734.13, representing $68,121.10 in interim attorneys' fees and $24,613.03 in interim attorneys' costs.

**Accordingly, I award the total of $92,734.13 as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

---

[6] There were many instances where Mr. McLaren, Mr. Webb, and a paralegal would bill for receiving/reviewing the same scheduling orders, status reports, and medical records before filing.  For example, on September 7, 2017, Mr. Webb billed 0.10 hours to "review and approve exhibit 13 for filing," Ms. Ward (paralegal) billed 0.20 hours to prepare records and 0.10 hours to file exhibit 13 with court, and then Mr. McLaren billed 0.10 to "go over exhibit 13."  There were similar excessive and duplicative entries billed on September 18, 2017, September 26, 2017, April 5, 2018, April 29, 2018, December 11, 2018, January 16, 2019.  Additionally, on March 1, 2019, Mr. Webb, Ms. Ward, and Mr. McLaren billed 0.10 hours each to receive/review and note/go over the same non-pdf status report order issued by Special Master Millman.  There were similar excessive and duplicative entries billed on July 27, 2017, October 4, 2017, October 8, 2017, October 9, 2017, December 5, 2017, February 2, 2018, March 16, 2018, July 9, 2018, September 5, 2018, October 9, 2018, January 29, 2019, April 1, 2019, May 6, 2019, June 7, 2019, June 12, 2019, June 21, 2019, November 18, 2019, December 18, 2019, and February 28, 2020.

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.