# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 17-923V
Filed: March 13, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| AMY MEHL, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | Interim Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object; |
| SECRETARY OF HEALTH | * | Protracted Litigation. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Michael McLaren*, Black McLaren, et al., P.C., Memphis, TN, for petitioner.
*Mitchell Jones*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On July 10, 2017, Amy Mehl ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered rheumatoid arthritis ("RA") and/or other neurologic and physical impairments as a result of the tetanus diphtheria acellular pertussis ("Tdap") vaccine she received on September 12, 2016, or in the alternative, the influenza ("flu") vaccine she received on September 28, 2016. Petition, ECF No. 1. Petitioner filed her first Motion for Interim Attorney's Fees and Costs ("Motion for Fees") on March 30, 2020. ECF No. 57. A decision was issued on May 1, 2020, granting the first Motion for Fees. ECF No. 59.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 9, 2024, petitioner filed a second Motion for Interim Attorney's Fees and Costs ("Second Motion for Fees") pursuant to Section 15(e) of the Vaccine Act. Second Motion for Fees, ECF No. 95. After careful consideration, the undersigned has determined to **GRANT in part** the request for the reasons set forth below.

### I. Procedural History

Petitioner filed her claim on July 10, 2017 and the matter was initially assigned to Special Master Millman. ECF Nos. 1, 4. Petitioner filed her affidavit and medical records on July 25, 2017 and additional medical records in September 2017. ECF Nos. 5-6, 10-12.

Following a status conference on October 4, 2017, petitioner filed additional medical records, and respondent filed a status report requesting a Rule 4(c) Report deadline. ECF Nos. 13-16.

Respondent filed his Rule 4(c) Report on April 2, 2018, stating his position that this case was not appropriate for compensation. ECF No. 22.

On December 7, 2018, petitioner filed an expert report and medical literature. ECF Nos. 32-35. Following the submission of her expert report, petitioner was ordered to submit a demand to respondent. Non-PDF Scheduling Order, issued Dec. 14, 2018.

The parties engaged in settlement discussions, which were ultimately unsuccessful, and this case continued in litigation. ECF Nos. 38-39, 42, 46-47.

The matter was then reassigned to Special Master Horner and a status conference was held on June 20, 2019. Respondent was ordered to file a responsive expert report. Non-PDF Scheduling Order, issued June 20, 2019.

On August 5, 2019, respondent filed an expert report and the literature cited in the report. ECF Nos. 48-49. On August 28, 2019, petitioner filed a responsive expert report. ECF No. 50.

A Rule 5 conference was held on September 17, 2019 and petitioner was ordered to file a supplemental expert report. ECF No. 51. Accordingly, petitioner filed another expert report on November 13, 2019. ECF No. 52. Respondent then filed a responsive report on February 18, 2020. ECF No. 54.

Petitioner filed her first Motion for Fees on March 30, 2020. ECF No. 57. A decision issued on May 1, 2020, awarding the requested fees and costs in full. ECF No. 59.

An entitlement hearing was set for February 7 and 8, 2022. ECF No. 66.

This matter was reassigned to me on September 16, 2021. ECF Nos. 71-72. A status conference was held and deadlines for pre-hearing submissions were set. ECF No. 73.

The parties filed their pre-hearing submissions, and an entitlement hearing was held on February 7 and 8, 2022. ECF Nos. 75, 77-79. After the hearing, the parties filed additional expert reports and petitioner filed updated medical records. ECF Nos. 81-86, 90-93.

On February 9, 2024, petitioner filed her second Motion Fees, requesting a total of **$142,348.61**, representing **$119,360.40** in fees and **$22,988.21** in costs. Second Motion for Fees, ECF No. 95. Respondent filed a Response on February 13, 2024, deferring to the undersigned to determine whether the statutory requirements for an award of interim fees and costs were met. Response, ECF No. 96. Petitioner did not file a Reply.

This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*. The lodestar method is also used to calculate a reasonable expert fee. *Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 623833, at *1 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court in *Avera* held

3

that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. While petitioner has already been awarded fees and costs once, that was nearly four years ago. Since that time, petitioner has participated in a hearing and incurred significant costs for her expert. *See generally* Second Motion for Fees. This ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g., Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees).

Petitioner has expended significant time and costs in litigating this matter thus far. A decision in this case, though forthcoming, requires additional time, given the current case load and is therefore not imminent. Further, since respondent raised no objections to petitioner's application but deferred to the special master to determine whether the statutory requirements for interim fees had been met, his lack of any specific objection is taken into consideration. Response at 2, ECF No. 96. In sum, the circumstances of this case warrant an award of interim fees and costs, so as not to impose economic hardship on petitioner.

**B.     Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.

*McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Attorneys at the Black McLaren firm have been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15–1169V, 2017 WL 2461375, at *3 (Fed. Cl. Spec. Mstr. Apr. 17, 2017); *Henry v. Sec'y of Health & Human Servs.*, No. 15–545V, 2016 WL 7189925, at *10 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). Petitioner requested fees in various rates of compensation for Michael McLaren, William Cochran, Chris Webb, and paralegals at the firm. The rates requested are as follows:

| Name | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| MGM[4] | n/a | $484 | $501 | $518 | n/a |
| WEC[5] | n/a | n/a | $435 | n/a | n/a |
| CJW[6] | $351 | $364 | $395 | $410 | $435 |
| Paralegals | $160 | $161 | $167 | $172 | $183 |

*See* Second Motion for Fees at 9.

The requested rates have been awarded by other Special Masters in previous decisions and are consistent with the approved rates contained in the Fee Schedule.[7] *See Young v. Sec'y of Health & Human Servs.*, No. 19-475V, 2023 WL 9177301, at *3 (Fed. Cl. Spec. Mstr. Dec. 6, 2023) (awarding the requested rates—or higher—from 2020-2023); *Pingel v. Sec'y of Health & Human Servs.*, No. 17-70V, 2022 WL 2441329, at *2 (Fed. Cl. Spec. Mstr. June 8, 2022) (awarding the requested rates in full for 2020-2022); *Akers v. Sec'y of Health & Human Servs.*, No. 15-597V, 2022 WL 1863931, at *2 (Fed. Cl. Spec. Mstr. May 6, 2022) (awarding the requested rates or higher for 2020-2021); *Thompson v. Sec'y of Health & Human Servs.*, No. 18-1217V, 2022 WL 16579474, at *5 (Fed. Cl. Spec. Mstr. Sept. 27, 2022) (awarding MGM's requested rates in full for 2010-2022).

Based on the foregoing, I find the hourly rates billed by petitioner to be reasonable.

**C.    Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).
[4] MGM refers to Michael G. McLaren.
[5] WEC refers to William E. Cochran.
[6] CJW refers to Chris J. Webb.
[7] *Supra* note 3.

single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases); *see also Knox v. Sec'y of Health & Human Servs.*, No. 90–33V, 1991 WL 33242, at *7 (Fed. Cl. Spec. Mstr. Feb. 22, 1991) (finding that "50% of the expert's [travel] time should be compensated"). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the hours billed by the Black McLaren firm, I find that the entries are detailed, and the time spent on each matter reasonably corresponds with the work performed. Additionally, petitioner appropriately requested payment only for hours billed after her first Motion for Fees was filed and billed at half of counsel's hourly rate for time spent traveling. *See* Second Motion for Fees at 12, 26, 28. Thus, the hours spent on this matter are reasonable.

### D.  Reasonable Costs

#### i.  Costs Related to Dr. Gershwin

In addition to fees, petitioner requested compensation for costs. Petitioner requested fees for her expert, Dr. Gershwin. Petitioner has requested $18,375.00 for Dr. Gershwin, who billed at a rate of $500.00 per hour. Second Motion for Fees at 40-41, 53, 63, 66. This is consistent with the rate that Dr. Gershwin has been awarded in other rulings. *See Prepejchal v. Sec'y of Health & Human Servs.*, No. 15-1302V, 2019 WL 2296774, at *3 (Fed. Cl. Spec. Mstr. Apr. 15, 2019); *Gambrill v. Sec'y of Health & Human Servs.*, No. 17-105V, 2018 WL 6787629, at *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018). Accordingly, the undersigned finds the billing rate reasonable.

Dr. Gershwin expended a total of 73.25 hours on this case, some of which petitioner has already been compensated for. *See* ECF No. 59. Relevant to the present motion, he billed for 36.5 hours, the majority of which was time spent prepping for and testifying at the entitlement hearing. I find the hours spent to be reasonable. However, the math appears to be incorrect, as 36.5

multiplied by $500.00 is $18,250.00.[8] I will reimburse that amount in full, resulting in a **reduction of $125.00** to account for the mathematical error.

      ii.    **Miscellaneous Costs**

In addition to the costs related to her expert, petitioner requested $4,613.21 to cover other miscellaneous expenses, including copies, travel expenses, equipment needed for a virtual hearing, petitioner's share of the transcript cost, and medical records. *See* Second Motion for Fees at 38-39. These expenses are documented by the receipts filed with the motion, and I find the costs reasonable and award them in full.

### IV. Total Award Summary

Based on the foregoing, petitioner's Second Motion for Interim Attorneys' Fees and Costs is **GRANTED IN PART**. Accordingly, I award **$142,223.61,** representing **$119,360.40** in attorneys' fees and **$22,863.21** in attorneys' costs in the form of a check payable jointly to **petitioner Amy Mehl and petitioner's counsel, Black McLaren, et al., P.C. The clerk shall enter judgment accordingly.**[9]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth<br>
Mindy Michaels Roth<br>
Special Master

---

[8] The error appears on Dr. Gershwin's invoice dated November 27, 2021. He logged 3.5 hours and billed for a total of $1875. Second Motion for Fees at 40. However, 3.5 multiplied by $500 is $1750.

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.