# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 17-923V
Filed: June 5, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * *
AMY MEHL,                                      *
                                               *
                  Petitioner,                  *
       v.                                      *
                                               *
SECRETARY OF HEALTH                            *
AND HUMAN SERVICES,                            *
                                               *
                  Respondent.                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael McLaren, Esq.,* Black McLaren, et al., P.C., Memphis, TN, for petitioner.
*Mitchell Jones, Esq.,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On July 10, 2017, Amy Mehl ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that the tetanus diphtheria acellular pertussis ("Tdap") vaccine she received on September 12, 2016 accelerated the onset of her rheumatoid arthritis ("RA"). Petition, ECF No. 1; *see also* ECF No. 80.

Petitioner filed her first Motion for Interim Attorneys' Fees and Costs on March 30, 2020. ECF No. 57. A decision was issued on May 1, 2020, granting the motion. ECF No. 59. Petitioner filed a second Motion for Interim Attorneys' Fees and Costs on February 9, 2024, which was also

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

granted. ECF Nos. 95, 97. A decision issued on March 12, 2025, finding that petitioner was not entitled to compensation and her petition was dismissed accordingly. ECF Nos. 101, 103.

On May 12, 2025, petitioner filed the present Motion for Final Attorneys' Fees and Costs.[3] Motion, ECF No. 105. Respondent filed his response on May 28, 2025, stating he was satisfied that the statutory requirements for an award of fees and costs are met here. Response, ECF No. 106. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.     Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, though petitioner did not succeed on the merits of her claim, she is entitled to an award of fees and costs. There is no question that this claim was brought in good faith, and respondent did not submit any objection as to its' reasonable basis. *See* Response. Further, I do not find any reason to doubt that the claim proceeded with a reasonable basis.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.     Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d

---

[3] Though the motion states that petitioner "asks the Court for an award of interim attorney's fees", the undersigned presumes this is a typographical error given the procedural posture of this case. *See* Motion at 1.

at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Attorneys at the Black McLaren firm have been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15–1169V, 2017 WL 2461375, at *3 (Fed. Cl. Spec. Mstr. Apr. 17, 2017); *Henry v. Sec'y of Health & Human Servs.*, No. 15–545V, 2016 WL 7189925, at *10 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). Petitioner requested fees in various rates of compensation for attorneys and paralegals at the firm. The rates requested are as follows:

| Name | 2024 | 2025 |
|---|---|---|
| MGM[5] | $550 | $584 |
| WEC[6] | $478 | $519 |
| CJW[7] | $435 | $472 |
| Paralegals | $183 | $199 |

*See* Motion for Fees at 8-9.

The requested rates for 2024 have been awarded by other Special Masters in previous decisions and are consistent with the approved rates contained in the Fee Schedule.[8] *See Nyarko v. Sec'y of Health & Human Servs.*, No. 22-0030V, 2024 WL 3273513 (Fed. Cl. Spec. Mstr. May 30, 2024); *Stimson v. Sec'y of Health & Human Servs.*, No. 21-2171V, 2024 WL 4133295 (Fed. Cl. Spec. Mstr. Aug. 7, 2024); *Sturdevant v. Sec'y of Health & Human Servs.*, No. 17-172V, 2024 WL 5039610 (Fed. Cl. Spec. Mstr. Nov. 12, 2024). However, it does not appear that a reasonable

---

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).
[5] MGM refers to Michael G. McLaren.
[6] WEC refers to William E. Cochran.
[7] CJW refers to Chris J. Webb.
[8] *Supra* note 4.

hourly rate for 2025 has been determined for anyone at the firm. Nevertheless, based on review of the billing record, I find the overall amount billed in 2025 to be reasonable.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds that the number of hours billed are reasonable. The billing entries adequately describe the work performed and correspond with the amount of time spent on that work. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $11,746.80.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,030.36 in costs.[9] Motion at 8, 16-17. These costs include a FedEx shipment and photocopies. *Id.* at 16, 19. These expenses are supported by receipts filed with the motion, and I find the costs reasonable and award them in full.

The remaining costs are for petitioner's expert, Dr. Gershwin. Petitioner requested $1,000.00 for Dr. Gershwin, who billed at an hourly rate of $500.00 for 2 hours to review the

---

[9] Petitioner affirmed that she incurred no personal expenses related to her claim. Motion at 20.

dismissal decision. The attorneys' billing record also reflects conversations with Dr. Gershwin about the decision to assist in analyzing petitioner's appellate options. Motion at 15, 18. Dr. Gershwin's hourly rate is consistent with what he has been awarded in the past and is reasonable. *See Prepejchal v. Sec'y of Health & Human Servs*., No. 15-1302V, 2019 WL 2296774, at *3 (Fed. Cl. Spec. Mstr. Apr. 15, 2019); *Gambrill v. Sec'y of Health & Human Servs*., No. 17-105V, 2018 WL 6787629, at *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018). I also find the hours spent to be reasonable and adequately documented. Thus, the costs associated with Dr. Gershwin are awarded in full.

Accordingly, petitioner is awarded $1,030.36 in final costs.

### III.    Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. Petitioner is hereby awarded attorneys' fees and costs in the **total amount of $12,777.16,** representing $11,746.80 in fees and $1,030.36 in costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[10] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).